Loveland agt. Hosmer.

## SUPREME COURT.

### LOVELAND agt. HOSMER.

Where in the complaint the charge of *libel* set out "This scoundrel was indicted at San Francisco, February last, for fraud; arrested by C. A. Hosmer," with appropriate inuendos. And the answer set up a justification that, the plaintiff had been indicted and arrested for a conspiracy to cheat and defraud, *held*, that such a justification did not reach the charge of being a "scoundrel."

*Monroe Special Term, January,* 1853. *Demurrer to a portion of the answer.*

L. FARRAR, *for Plaintiff.*

E. A. RAYMOND, *for Defendant.*

WELLES, Justice.—The complaint states two distinct and independent causes of action. They are both for written slander. The answer contains two separate independent defences. The first amounts in substance to a general denial of the complaint, and is not in question here. The second is demurred to, and for the purposes of the demurrer, must be regarded in the same light as if it was the only answer put in. It is intended as a justification, and by not denying admits the publication of the libel. It professes to be an answer to the whole complaint, and must therefore, in order to be sustained, amount to a justification in respect to both counts of the complaint. The libel set out in the first count, stript of the inuendos, is in the following words:

"This scoundrel was indicted at San Francisco, February last, for fraud; arrested by C. A. Hosmer." Appropriate innuendos are introduced, giving point to, and explaining the words of the charge.

The words of the libel not only charge the plaintiff with being indicted for fraud, and having been arrested therefor, but impute to him the traits of character of a scoundrel. The answer under consideration goes no further than to justify the part of the charge that the defendant had been indicted and arrested, &c. This is no answer to the other and graver part of the charge, to wit: that the plaintiff is a scoundrel.

Webster defines "scoundrel" as follows: "A mean worthless fellow; a rascal; a low, petty villain; a man without honor or virtue."

The libel designates the plaintiff as such a person, and it is no justification to say that he has been indicted and arrested for a conspiracy to cheat and defraud.

There must be judgment for the plaintiff on the demurrer, with leave to the defendant to amend his second answer on payment of costs.